UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GRATHLY G. BURKE                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:11CV-185-S

MICHAEL J. ASTRUE,
Commisioner of Social Security                                     DEFENDANT

**<u>MEMORANDUM OPINION</u>**

This matter is before the court for consideration of the objections of the claimant, Grathly

G. Burke, to the Report and Recommendation of the United States Magistrate Judge that the final

decision of the Commissioner denying her Title II application for a period of disability and disability

benefits be affirmed.  The court has considered Burke's objections and conducted a *de novo* review

of the magistrate judge's report in light of those objections and the record as a whole.  The court

finds no error in the magistrate judge's conclusion that the decision of the Administrative Law Judge

("ALJ") should be affirmed.

Burke was found to have degenerative disc disease and carpal tunnel syndrome.  The ALJ

found these impairments are severe and significantly limit her ability to perform basic work

activities.  The ALJ found no evidence of any other impairment that had significantly affected her

ability to perform basic work activities for a period of 12 continuous months.  The ALJ noted that

a February 2007 MRI of the brain was found suggestive of multiple sclerosis, but the radiologist

indicated that other etiologies should be considered.  Therefore, the ALJ concluded that the evidence did not indicate this impairment was severe.  AR.[1] 19.

The Commissioner's final decision denying Burke's application for disability insurance benefits was based upon the ALJ's conclusion that Burke possessed the Residual Functional Capacity ("RFC") to return to her past relevant work and thus was not disabled.  Burke had previously worked on an assembly line and performed data entry.  The ALJ concluded that Burke had the residual functional capacity to perform medium work limited to occasional stooping and climbing ladders, ropes, and scaffolds.  AR. 20.

The ALJ heard testimony from a Vocational Expert ("VE") who opined (1) that the limitation on stooping and climbing ladders, ropes and scaffolds would have no impact on Burke's past work, and (2) that limited range of motion in the neck would preclude assembly line work but would not impact sedentary work.  The ALJ noted in his findings that his conclusion concerning Burke's RFC was "generally consistent with" the findings made by non-examining state agency physicians, Drs. Rawlings and Gregg, that Burke could perform medium work.

In her objections to the magistrate judge's report, Burke reiterates arguments which were rejected by the magistrate judge concerning a 2009 MRI and diagnosis of multiple sclerosis, the ALJ's discounting of the opinions of examining physician Hamilton, and the sufficiency of the questions posed to the VE.

This court agrees with the magistrate judge's opinion rejecting Burke's arguments on these points.

---

[1]"AR" references the Administrative Record.

In 2009, a diagnosis of multiple sclerosis was made.   Burke urges that since the evaluations of Drs. Rawlings and Gregg were rendered before the 2009 diagnosis, their opinions are insubstantial and should not be afforded any weight.   Rawlings and Gregg evaluated Burke's condition based upon the medical data and opinions before them.   These remained unchanged after the diagnosis of multiple sclerosis.   Burke submitted no additional medical evidence after her diagnosis.   As noted by the magistrate judge, "[T]he mere diagnosis of [an impairment]...says nothing about the severity of the condition."   *Higgs v. Secretary*, 880 F.2d 860, 863 (6th Cir. 1988).

Burke takes issue with the ALJ's discounting the finding of Dr. Hamilton that she had diminished grip strength.   The VE was not asked to consider a hypothetical limitation in the use of hands and fingers.   However, the ALJ was not required to include limitations he found not credible or not supported by the medical evidence.   *Cline v. Commissioner of Social Security*, 96 F.3d 146, 150 (6th Cir. 1996).   Drs. Rawlings and Gregg considered the report of Dr. Hamilton in addition to other medical evidence and found that Burke was capable of "handling and fingering frequently bilaterally."   AR 196, 197.

The ALJ found, upon consideration of the entire record, that "the claimant has the residual functional capacity to perform medium work, as defined in 20 CFR 404.1567(c) except that the claimant is limited to occasional stooping and climbing ladders, ropes and scaffolds."   AR. 20.   He discounted much of Burke's self-reported limitations, as he found that "the severity of the claimant's allegations is not fully supported by the evidence of record.   The claimant has voiced many medical complaints, but there are few objective findings in the record."   AR. 21.

The ALJ noted Burke's medications, test results, and assessments of her condition over time, as stated in treatment records, including an April 2009 examination which was "essentially normal

except for some tenderness." AR. 21. He also described her self-report of daily activities which he concluded "were not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." AR. 21. The ALJ further noted that Burke continued to work until she was laid off in March 2007 when her employer closed. Thus she did not stop working as a data entry clerk for reasons related to a disabling impairment. The ALJ asked Burke about her recent (2009) MRI, and asked what her neurologist had told her. She said that she would "have to live with what [she] had," and that there was "nothing they could do for [her]." AR. 42.

Burke notes that data entry clerk work requires constant fingering and frequent reaching and handling (DATA ENTRY CLERK, DICOT 203.582-054), which the ALJ, as well as Drs. Rawlings and Gregg, concluded she could still perform, despite diminished grip strength to the degree clinically assessed by Dr. Hamilton. As noted by the magistrate judge, "[neither the plaintiff, the ALJ, nor this court is qualified to interpret raw clinical data and diagnoses in functional terms...In the absence of any medical opinion contrary to that of the state agency program physicians, we must resist the temptation to 'play doctor'..." Mag. Rept., p. 6.

For the reasons set forth herein, the court concludes that the claimant's objections to the magistrate judge's report are without merit. The report and recommendation will therefore be accepted and adopted. A separate judgement will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 17, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

- 4 -